IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AWILDA IGLESIAS-SOLIS, | Civil No.: 3:11-cv–01137-SEC |
| Plaintiff, | |
| v. | Title VII, ADEA, SEPARATION PAY, TORTS |
| IPR PHARMACEUTICALS (IPR), | |
| Defendant. | Trial by Jury |

## ANSWER TO THE COMPLAINT

TO THE HONORABLE COURT:

COMES NOW IPR Pharmaceuticals, Inc. (hereinafter "IPR" or the "Company"), by and through the undersigned attorneys, and very respectfully states, alleges and prays:

1.    IPR denies Paragraph 1 of the Complaint.

2.    IPR denies Paragraph 2 of the Complaint, except that it only admits that it implemented a re-structuring plan for the Company beginning in or around 2007 which continued throughout 2009, and that this plan included a reduction-in-force ("RIF").

3.    IPR denies Paragraph 3 of the Complaint, except that it only admits that it did not pay the statutory severance to plaintiff Awilda Iglesias-Solís (hereinafter "Iglesias" or "Plaintiff") because Plaintiff was not entitled to it.

4.    IPR denies Paragraph 4 of the Complaint.

5.    Paragraph 5 of the Complaint does not require a responsive pleading. However, should it require a response, IPR denies that Plaintiff has a valid cause of action under the constitutions and laws mentioned therein.

6.     Paragraph 6 of the Complaint does not require a responsive pleading.   In the alternative, IPR denies that Plaintiff has a valid cause of action under the federal laws mentioned therein.  IPR further and specifically denies any violation of federal law.

7.      Paragraph 7 of the Complaint does not require a responsive pleading.   In the alternative, IPR admits that Plaintiff seeks to invoke this Court's jurisdiction, but it denies that Plaintiff has a valid cause of action under federal law.   IPR further admits, in the alternative, that Plaintiff seeks to invoke this Court's supplemental jurisdiction, but denies that it is appropriate and/or that Plaintiff has any valid cause of action under the Puerto Rico laws mentioned in the Complaint.

8.     Paragraph 8 of the Complaint does not require a responsive pleading. However, should it require a response, the venue is not contested, but IPR denies that a valid cause of action exist.

9.     IPR admits Paragraph 9 of the Complaint.

10.     IPR denies paragraph 10 of the Complaint, except that it only admits that it is a corporation authorized to conduct business in Puerto Rico, with facilities located in Canóvanas, Puerto Rico.

11.     IPR denies paragraph 11 of the Complaint, except that it only admits that Iglesias applied and was selected for the position of *Purchasing Assistant II* at the Company.

12.     IPR denies paragraph 12 of the Complaint, except that it only admits that in or around 2007, it first announced to its employees that it would be instituting a RIF, and under said RIF, it gave employees in certain job classifications the option to voluntarily resign from their position in exchange for a lump-sum payment and benefits.

13.    IPR denies Paragraph 13 of the Complaint.

14.    IPR denies Paragraph 14 of the Complaint.

15.    IPR denies paragraph 15 of the Complaint, except that it only admits that it notified Iglesias that her position would be eliminated as part of the RIF.

16.    IPR denies Paragraph 16 of the Complaint.

17.    IPR denies Paragraph 17 of the Complaint.

18.    IPR denies Paragraph 18 of the Complaint.

19.    IPR denies Paragraph 19 of the Complaint.

20.    Paragraph 20 of the Complaint is unintelligible.  IPR denies it, and specifically denies that it ever subjected Iglesias to harassment.

21.    IPR admits Paragraph 21 of the Complaint.

22.    Paragraph 22 of the Complaint does not require a responsive pleading.

23.    IPR admits Paragraph 23 of the Complaint based on information and belief.

24.    IPR denies Paragraph 24 of the Complaint.

25.    IPR denies Paragraph 25 of the Complaint.

26.    IPR denies Paragraph 26 of the Complaint.

27.    IPR denies Paragraph 27 of the Complaint.

28.    IPR denies Paragraph 28 of the Complaint.

29.    IPR denies Paragraph 29 of the Complaint.

30.    Paragraph 30 of the Complaint does not require a responsive pleading.

31.     Paragraph 31 of the Complaint does not require a responsive pleading.  In the alternative, IPR denies that Plaintiff has a valid cause of action under the constitutional provisions and law mentioned therein.

32.     IPR denies Paragraph 32 of the Complaint, except that it only admits that it did not pay Iglesias any form of severance or separation compensation, because she was not entitled to it.

33.     IPR denies Paragraph 33 of the Complaint.

34.     IPR denies Paragraph 34 of the Complaint.

35.     All the paragraphs included in the section of the Complaint entitled "Prayer for Relief" do not require a responsive pleading since the allegations contained therein constitute statements of legal or equitable relief.  However, IPR denies that plaintiff is entitled to the relief requested in the aforementioned paragraphs.

36.     IPR denies every allegation in the Complaint that it did not expressly admit in this Answer to the Complaint.

## AFFIRMATIVE DEFENSES

a.     The Complaint fails to state a claim upon which relief can be granted against IPR under any and all legal provisions cited therein.

b.     Some or all of plaintiff's allegations as to the time and place of the alleged discriminatory actions are vague and ambiguous and, therefore, do not meet the requirements of Fed. R. Civ. P. 9(f).

c.     The claims are in whole or in part barred by the applicable statute of limitations.

d.     Estoppel.

-4-

e.      At all times relevant to this action, IPR acted in good faith and never with malice or willfulness.

f.      Iglesias was dismissed for just cause.  She is therefore not entitled to the remedy provided by Puerto Rico Act No. 80 of May 30, 1976, as amended.

g.      Iglesias was dismissed from her employment due to her consistent failure to follow Company procedures in the performance of her duties as *QA Process Reviewer I* despite receiving extensive training, support and guidance from her supervisor and co-workers during her tenure in this position.

h.      Iglesias' age and gender played no role in IPR's decision to terminate her employment.

I.      Iglesias' termination was neither arbitrary nor capricious.

j.      IPR did not harass or discriminate against Iglesias by reason of her age, gender, or any other basis forbidden by applicable law.

k.      IPR has policies in place prohibiting harassment, discrimination and retaliation, and procedures established for employees to report any such incidents and any related retaliation.

l.      Plaintiff received a copy and/or had knowledge of IPR's policies prohibiting harassment, discrimination and retaliation, and the procedures established to report any such incidents.

m.      Plaintiff failed to exhaust internal remedies.

n.      IPR did not intentionally discriminate against Iglesias because of her age or gender.

o.      Iglesias was not submitted to disparate treatment.

p.      Any act or omission which may be attributed to IPR was based on non-discriminatory reasons.

q.      Any act or omission which may be attributed to IPR was based on legitimate business concerns related to the proper running of its operations.

r.      IPR's employment practices, as applied to Iglesias, were neutral with respect to age or gender, and did not have an adverse impact on any age or gender group.

s.      In the alternative, IPR relied on reasonable factors other than age and/or gender when it decided to reduce its workforce between 2007 and 2009.

t.      IPR did not terminate Plaintiff's employment during the RIF process, even though her position was selected for elimination.

u.      During the RIF process, IPR offered to place Iglesias in other positions for which she was qualified in order to avoid terminating her employment.

v.      During the RIF process, Plaintiff rejected two separate offers from IPR to transfer to other positions for which she was qualified.

w.      Plaintiff applied for the position of QA Process Reviewer I during the second shift and received an increase in salary when she was selected for the position.

x.      IPR has not infringed upon any of Iglesias' rights under Title VII of the Civil Rights Act, ADEA, the cited sections of the Constitution of the Commonwealth of Puerto Rico, local Act No. 80, nor the local tort statute.

y.      Iglesias has failed to establish a *prima facie* case of discrimination because of her age and gender.

z.      Iglesias did not meet IPR's legitimate performance expectations.

aa.     Iglesias was informed that she did not meet IPR's legitimate performance expectations.

bb.     The alleged incidents of harassment and/or discrimination did not take place.  Plaintiff cannot establish the basic elements to prove that she was subjected to a hostile work environment.

cc.     IPR did not retaliate against the Plaintiff.

dd.     The Plaintiff did not engage in any protected activity.

ee.     In the alternative, IPR had no knowledge of such protected activity.

ff.     Plaintiff did not believe that she was the victim of discrimination and/or retaliation.

gg.     In the alternative, any such belief was not objectively reasonable in light of the facts on record.

hh.     Plaintiff did not suffer any adverse employment action as a result of alleged participation in any protected activity.

ii.     In the alternative, there is no causal connection between the allegedly adverse employment action and the allegedly protected conduct.

jj.     Causes of actions and facts which were not included in the charge filed by Iglesias before the EEOC should be dismissed.

kk.     There is no causal relationship between any act or omission which may be attributed to IPR and the damages alleged in the Complaint.

ll.     Plaintiff did not suffer any damages.

mm.     In the alternative, Plaintiff is solely responsible for the alleged damages.

nn.    In the alternative, if Plaintiff did suffer any damages, they were caused by herself or another person not related to IPR and/or beyond IPR's control.

oo.    In the alternative, Plaintiff engaged in comparative negligence and her alleged damages, if any, should be reduced in direct proportion to her own negligence.

pp.    In the alternative, the damages claimed by Plaintiff are imaginary, fictitious and grossly exaggerated.

qq.    Plaintiff has not mitigated her damages, if any.

rr.    There is a duplicity in the remedies sought by Plaintiff.

ss.    Plaintiff is not entitled to punitive damages.

tt.    Punitive damages are not available under all or some of the laws invoked by Plaintiff.

uu.    Plaintiff did not exhaust the applicable administrative remedies.

vv.    Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel, waiver, unclean hands, and/or laches.

ww.    The compensation that Plaintiff is seeking is limited by a cap.

xx.    Plaintiff is not entitled to any remedy under any statute or regulation, federal or local.

yy.    In the alternative, if it were determined that Plaintiff's termination was unjustified, what we deny, the exclusive remedy to which she would be entitled is the severance pay provided under Act No. 80.

zz.    Iglesias is not entitled to reinstatement.  In the alternative, Iglesias' reinstatement is not appropriate.

aaa.    Plaintiff is not entitled to interest or pre-judgment interest.

bbb.    Plaintiff is not entitled to a jury trial in all the claims, causes of action, or remedies included in the Complaint.

ccc.    To the extent Plaintiff is requesting remedies under specialized statutes, she is not entitled to relief under the general tort statutes and constitutional provisions mentioned in the Complaint.

ddd.    IPR reserves the right to raise any additional defenses which may arise during discovery.

WHEREFORE, and in view of the foregoing, IPR respectfully requests that this Honorable Court enter judgment dismissing the Complaint in its entirety with the imposition of costs and attorney's fees upon Plaintiff, and grant IPR such other relief as this Honorable Court deems just and appropriate.

I HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/EFC system, which will send notification of such filing to: William E. Meléndez, Esq.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 1st day of April of 2011.

**McCONNELL VALDÉS LLC**
Attorneys for IPR Pharmaceuticals, Inc.
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
PO Box 364225
San Juan, Puerto Rico 00936-4225
www.mcvpr.com

***S/ Alfredo M. Hopgood-Jovet***
Alfredo M. Hopgood-Jovet
USDC-PR No. 205302
Telephone: (787) 250-5689
Facsimile: (787) 759-2750
ah@mcvpr.com
