EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| PERSON FILING CHARGE | |
|---|---|
| Chief Executive Officer<br>IPR PHARMACEUTICALS, INC.<br>PO Box 1624<br>Canovanas, PR 00729 | Iglesias-Solis Awilda<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>515-2010-00580 |

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[X] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **28-OCT-10** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Luis Calzada,<br>Investigator

San Juan Local Office<br>525 F D Roosevelt Ave<br>1202 Plaza Las Americas<br>San Juan, PR 00918

EEOC Representative

Telephone
(787) 771-1445

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race   [ ] Color   [X] Sex   [ ] Religion   [ ] National Origin   [X] Age   [ ] Disability   [ ] Retaliation   [ ] Genetic Information   [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| September 30, 2010 | Delner Franklin-Thomas,<br>Acting District Director | *William H. [signature]* |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| FEPA | |
| X EEOC | 515-2010-00580 |

**Puerto Rico Dept. Of Labor - Antidiscrimination Unit** and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Awilda Iglesias-Solis | (787) 587-6233 | 05-08-1957 |

Street Address                                    City, State and ZIP Code

Calle K J-20, Jardines De Carolina, Carolina, PR 00987

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| IPR PHARMACEUTICALS, INC. | 500 or More | (787) 876-1400 |

Street Address                                    City, State and ZIP Code

P.O. Box 1624, Canovanas, PR 00729

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address                                    City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| RACE | COLOR | X SEX | RELIGION | NATIONAL ORIGIN |
|---|---|---|---|---|
| X RETALIATION | X AGE | DISABILITY | GENETIC INFORMATION | |
| OTHER (Specify) | | | | |

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 08-10-2010 | 08-10-2010 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**SEE ATTACHED / VER ANEJO**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

| Date | Charging Party Signature |
|---|---|
| **Sep 21, 2010** | |

DECLARACION

1. Yo, Awilda Iglesias Solís, mayor de edad, de 53 años, soltera, con dirección en la Calle K, J-20, Jardines de Carolina, Carolina, Puerto Rico, declaro so pena de perjurio que todo lo que sigue es la verdad, y que me consta de propio y personal conocimiento:

2. Que trabajé en iPR, subsidiaria de AstraZeneca desde el 1999 al 2010, con desempeño satisfactorio;

3. Que en el 2007 AstraZeneca comenzó un plan de restructuración global, que incluyó a iPR;

4. Que iPR inmediatamente inició un plan de retiro voluntario incentivado, para atender las necesidades de reducción de personal impuestas por AstraZeneca;

5. Que el plan de retiro voluntario incentivado no ha producido la reducción de personal que esperaba iPR, por lo que iPR ha consolidado o eliminado posiciones, y reubicado los empleados afectados en otras funciones;

6. Que la implantación del plan de reubicación de personal ha sido irregular, y a todas luces discriminatorio, en especial contra los empleados que superan la edad de 40 años;

7. Que a tenor con dicho plan, fui reubicada a otra función en mayo del 2009;

8. Que con dicha reubicación iPR creó para mi un ambiente hostil discriminatorio, a cuenta de mi edad, y mi género;

9. Que dicho ambiente hostil incluyó la falta de adiestramiento adecuado en los sistemas y procedimientos necesarios para atender mis nuevas funciones;

10. Que el ambiente hostil incluyó que dentro de mis nuevas funciones se me requiriera manejar cajas, y objetos cuyo tamaño y peso excedían mi capacidad física;

11. Que el ambiente hostil se recrudeció una vez comencé a traer a la atención de mi Gerencia la necesidad de adiestramiento en los sistemas y procedimientos que resultaban nuevos para mí;

12. Que el ambiente hostil se recrudeció aún más, una vez comencé a traer a la atención de mi Gerencia la dificultad que estaba teniendo con los objetos antes mencionados, debido a su excesivo tamaño y peso;

13. Que la inatención de iPR para con mis condiciones físicas de trabajo me provocaron lesiones y padecimientos físicos que requirieron terapias físicas, lo que a su vez agudizó el tono del ambiente hostil en mi contra;

14. Que dentro del periodo relevante anterior, la agencia Federal de Drogas y Alimentos, FDA, visitó iPR y anotó una serie de irregularidades, deficiencias, excepciones y señalamientos en las operaciones de iPR;

15. Que iPR con ánimo ilegalmente discriminatorio, y con la intención de hacerme un chivo expiatorio por la evaluación deficiente que recibiera el FDA, comenzó a confeccionar un expediente de faltas en el trabajo alegadamente cometidas por mí;

16. Que las alegadas faltas fueron incidentes rutinarios y ordinarios dentro de la operación diaria de iPR que siempre habían sido, y continúan siendo, pasadas por alto cuando son cometidas por otros empleados que no exhiben mis características demográficas de edad y género;

17. Que las alegadas faltas son de fácil rectificación; y pudieran eliminarse con la confección de procedimientos, sistemas, y políticas adecuadas, según las que yo había traído a la atención de iPR cuando fui reubicada;

18. Que IPR utilizó oportunamente las alegadas faltas que cometí en el desempeño de mi trabajo, para despedirme injustificadamente, y reemplazarme con un empleado quien no está dentro de los grupos protegidos por la legislación federal anti discrimen en el empleo manejadas por esta Agencia.

19. Que ya me he consultado y contratado representación legal para atender las causas de acción que nacen a mi favor por los actos y omisiones de IPR que describo arriba, y que acudo a esta Agencia con el fin único de agotar los remedios administrativos requeridos por ley, para obtener su permiso para dilucidar dichas controversias en los tribunales de los EE.UU. de América.

Suscrito por mí, Awilda Iglesias, hoy 21 de septiembre del 2010, en San Juan, Puerto Rico.

_____
Awilda Iglesias Solís

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION



**San Juan Local Office**
525 F. D. Roosevelt Avenue
Plaza Las Americas, Suite 1202
San Juan, PR 00918-8001
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
San Juan Status Line: (866) 408-8075
San Juan Direct Dial: (787) 771-1432
TTY (787) 771-1484
FAX (787) 771-1485

## WHAT A POSITION STATEMENT SHOULD INCLUDE

### PART I - GENERAL INFORMATION

1. <u>Name and Address of Organization</u>

   State the correct name and address of the specific installation charged. If the address is a post office box, include the street address as well.

2. <u>Representative of Organization</u>

   State the name, title, business address, and business telephone number of the person with, or through whom there should be communications relating to this mater.

3. <u>Kind of Business</u>

   Briefly identify the primary function of the establishment charged (e.g., automobile assembly, retail sales of men's clothing, banking and trust services, etc.)

4. <u>Number of Employees</u>

   State the number of persons (including supervisors and managers) employed at the specific installation charged and by the organization as a whole on the most recent payroll date. If the total number of employees is over 50, approximations are acceptable.

### PART II - RESPONSE TO THE CHARGE

The EEOC is an objective fact finding agency. We have heard what Charging Party has to say about what happened, and why Charging Parti believes it happened. Now, we want to hear your side of the story. It will be helpful if you:

1. Address each alleged discriminatory act and the reason therefor.

2. Submit applicable policies and/or procedures o other documents relating to the acts alleged.

3. Identify official(s) who made decisions or took action relating to the matter(s) raised in the charge.

4. Be specific about the date(s), action(s), and location(s) applicable to this case.

5. Inform the EEOC if the matter has been resolved (or can be easily resolved.)

# GUIDELINES FOR AN EFFECTIVE POSITION STATEMENT

## How the EEOC uses employer position statements

EEOC is an objective fact finding agency. We have heard what the Charging Party has to say about what happened, why Charging Party believes it happened. Now we encourage you to provide a detailed response to these allegations. A well drafted and supported position statement can help us to accelerate the investigation and may limit requests for further information.

## Is a brief statement drafted by a representative without supporting evidence sufficient?

No; an effective position statement should be accompanied by supporting evidence which authenticates the truthfully and accuracy of the response and should be sworn to by a company official. You should provide any evidence which supports your position. Our investigators are trained to review and analyze evidence, and they recognize that a lawyer's or company official's conclusions about the motives, intentions, or events do not constitute the evidence needed to resolve most cases. While we encourage you to provide us with any legal defenses you may have, we also need to have you present your evidence of the facts relating to the merit of the charge.

## What should a position statement include?

At a minimum, it should include specific, factual responses to every allegation of the charge. The position statements should clearly explain the respondent's version of the facts and identify the specific documents and witnesses supporting the position. Keep the following points in mind as you prepare the response to the charge:

- ✔ Address each alleged discriminatory act and your position regarding it. Indicate which of the Charging Party's allegation are disputed.

- ✔ Provide a description of the company; include legal name and address, name, address, title and phone number of the person responsible for responding to the charge, primary function of the business, and the number of employees. A staffing or organizational chart is also useful in helping to focus the investigation.

- ✔ Provide copies or description of any applicable practices, policies or procedures.

- ✔ Identify any other individuals who have been similarly affected by these practices, policies, or procedures have been applied.

- ✔ Explain why individuals who were in a similar situation to the Charging were not similarly affected.

- ✔ Identify official(s) who made decisions or took action relating to the matter(s) raised in the charge.

- ✔ Be specific about date(s), action(s), and location(s) applicable to this case.

- ✔ Provide copies of internal investigations of the alleged incidents or grievance hearing reports.

- ✔ Inform EEOC if the matter has been resolved or can be easily resolved; if it can be resolved, please indicate your proposal for resolution.

An effective position statement is clear, concise, complete, responsive and is sworn to by a company official.

## How much time is normally allowed for preparation of a position statement?

Two weeks is normally allowed for responding to the charge. A brief extension of time may be allowed in particular cases where extensive interviews need to be conducted or documents reviewed, but only when it is clear that the employer is working in good faith to supply all of the necessary information.



Enclosure with EEOC
Form 131 (11/09)

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR). 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3)). .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.