IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **AWILDA IGLESIAS-SOLIS**<br>          Plaintiff<br>               v.<br>**IPR PHARMACEUTICALS**<br>          Defendant | **CIVIL No. 11-01137-GAG**<br><br>TITLE VII AGE & GENDER<br>DISCRIMINATION<br>TORTS<br>SEPARATION PAY<br>TRIAL BY JURY |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO IPR'S MOTION TO DISMISS ECF NO. 18

Now comes plaintiff Awilda Iglesias through the undersigned counsel in response and opposition to defendant IPR Pharmaceuticals' motion to dismiss as set forth in ECF No. 18, and states and prays as follows:

### I. Introduction

1. The present complaint contains, *inter alia*, causes of action arising under the following statutes: Employment Discrimination, 29 U.S.C. § 626 and 42 U.S.C. § 2000 (ECF No. 1, at 7); other federal Civil Rights, 42 U.S.C. § 1988 (ECF No. 1, at 8); Separation Pay, 29 L.P.R.A. §185a (ECF No. 1, at 8); and Torts, Article 1802 and 1803 of the Civil Code of Puerto Rico (ECF No. 1, at 9).

2. On April 1st, 2011, IPR filed their answer to the complaint (ECF No. 7).

3. On June 10th, 2011, pursuant to Fed. R. Civ. P. 12(b)(6) IPR moved this Honorable Court to dismiss, with prejudice, the instant Complaint for failure to state a claim upon which

1

relief should be granted, or in the alternative, to dismiss Plaintiff's disparate impact claims and any claims related to discrete acts occurring prior to November 25, 2009, on the following grounds (ECF No. 18, at 2):

    a. First, factual allegations do not set forth plausible claims for age or gender discrimination or harassment;

    b. Second, disparate impact claims fail to point to a specific facially neutral practice or policy that had a disparate impact on member of a protected class;

    c. Third, any claims arising from discrete acts that occurred before November 25,2009 should be dismissed, since that is the date that commences the 300-day period before the filing of Plaintiff's administrative charge before the Equal Employment Opportunity Commission on September 21,2010

4. Plaintiff hereby objects to the above prayer for dismissal based on the following:

## II. IPR'S 12(b)(6) MOTION IS UNTIMELLY.

5. As a general rule, motions to dismiss under Fed. R. Civ. P. 12(b)(6) must be made before the filing of any responsive pleading, at the risk of being deemed waived until trial (**Fed. R. Civ. P. 12(h)(2)(C)**).

6. Affirmative defenses, on the other hand, are governed by the same pleading requirements of **Fed. R. Civ. P. 8(c)(1)**, and the

recent Supreme Court rulings as set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937(2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), so aptly cited by IPR in their motion to dismiss.

7. Mere mention of affirmative defenses has been held by courts in other contexts as insufficient to meet the pleading requirements of actually presenting a claim or defense. ***Williams v. Ashland Eng'g Co.*, 45 F.3d 588, 592 (1st Cir.1995);** *Sales v. Grant*, 224 F.3d 293, 296 (4th Cir.2000); *Saldana-Sanchez v. Lopez-Gerena*, 256 F.3d 1, 13 (2006).

8. IPR filed their responsive pleading on April 1st, 2011 (ECF No. 7). Consequently, their filing of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on June 10th (ECF No. 18) is on its face untimely.

9. Although IPR raised an affirmative defense in their answer as: "***The Complaint fails to state a claim upon which relief can be granted against IPR under any and all legal provisions cited therein***" (ECF No. 7 at 4), such cursory language does not preserve an affirmative defense to be raised via a motion, and can only be invoked by IPR at trial, pursuant to **Fed. R. Civ. P. 12(h)(2)(C)**.

### III. FACTUAL ALLEGATIONS SET FORTH PLAUSIBLE CLAIMS

10. IPR's contention that no factual allegations that reflect a mere scintilla of discriminatory age or gender-based animus is without merit, as laid out in the following paragraphs.

11. The complaint does establish that IPR instituted a "reduction in force" (RIF), which disparately impacted plaintiff's protected group, which was used to single out plaintiff to be subjected to a hostile work environment, adverse working conditions, and eventual unlawful termination, and that IPR refused to pay severance pay under the pretextual scheme (ECF No. 1, at 2).

12. The complaint also establishes that IPR deliberately encouraged, pressured, and singled out for selection employees belonging to the protected classes, while at the same time refusing voluntary resignations from employees outside of the protected classes (ECF No. 1, at 4).

13. The complaint goes on to state that through deliberate machinations, IPR changed plaintiff's work classification as an "exempt" employee, in order to reduce the compensation she would otherwise be entitled to, and to impose on her "on call" working schedules (ECF No. 1, at 5).

14. All of the above are specific instances of adverse working conditions imposed on plaintiff by defendant IPR.

15. Further, that IPR set up plaintiff to deliberately fail in the operation of the SAP software is also a specific enough instance of an adverse working condition (ECF No. 1, at 5).

16. Lastly, that IPR's software deployment strategy results in an inordinate amount of software maintenance "trouble-tickets", as well as exceptions noted by the Food and Drug Administration (FDA), which IPR ordinarily chooses to tolerate

or ignore, as well sufficiently pleads an adverse working condition and the pretextual nature of IPR's justification in terminating plaintiff (ECF No. 1, at 6).

17. Recapitulating, IPR's contention that no factual allegations that reflect a mere scintilla of discriminatory age or gender-based animus is without merit, and insufficient to warrant dismissal under Fed. R. Civ. P. 12(b)(6).

### IV. PLAINTIFF SUFFICIENTLY PLEAD DISPARATE IMPACT CLAIM

18. IPR's contention that plaintiff failed to sufficiently plead the elements of a disparate impact claims for failure to point to a specific facially neutral practice or policy is equally without merit.

19. Plaintiff undoubtedly points to a "facially neutral practice" in IPR's thespian corporate-wide RIF "reorganization", which disparately impacted employees belonging to plaintiffs' protected class (ECF No. 1, at 7), while at the same time tolerating from other employees similarly situated the same behavior.

20. Thus, plaintiff does sufficiently plead a specific facially neutral practice, and its pretextual implementation in detriment to plaintiff and members of her protected class.

21. Therefore, again, IPR's contention that plaintiff failed to sufficiently plead the elements of a disparate impact is equally without merit, and insufficient to warrant dismissal under Fed. R. Civ. P. 12(b)(6).

### V. CLAIMS EXTENDING SCOPE OF 42 U.S.C. § 2000E- 5(E)(1)

22. IPR's contention that any claims arising from discrete acts that occurred before November 25,2009 should be dismissed, since that is the date that commences the 300-day period before the filing of Plaintiff's administrative charge before the Equal Employment Opportunity Commission ("EEOC")/Anti-Discrimination Unit ("ADU") on September 21,2010 is without merit.

23. The present complaint, besides the 42 U.S.C. § 2000 claims, includes claims arising under Separation Pay, 29 L.P.R.A. §185a and State law Torts, Article 1802 and 1803 of the Civil Code of Puerto Rico. These claims have differing statutes of limitations from those of 42 U.S.C. § 2000, and therefore should not be dismissed on account of the 300 day statutory limit invoked by IPR.

**WHEREFORE**, for all of the above, Plaintiff prays that this Honorable Court DENY IPR's motion to dismiss (ECF No. 18) in all its respects.

**SUBMITTED IN NEW YORK CITY, JUNE 27th, 2011.**

S/William E. Meléndez
William E. Meléndez
USDC PR No. 226902

Attorney for Plaintiff
410 Park Avenue 15th Floor, Suite # 1223
New York, New York 10022
Tel. (718) 725-7387
We.Melendez@e-Lex.us

**CERTIFICATE OF SERVICE**

    WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of interest.

    **IN NEW YORK CITY, JUNE 27TH, 2011.**

<u>S/William E. Meléndez</u>
William E. Meléndez
USDC PR No. 226902

Attorney for Plaintiff
410 Park Avenue 15th Floor, Suite # 1223
New York, New York 10022
Tel. (718) 725-7387
We.Melendez@e-Lex.us